# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RANDALL J. HENDRICKS and
KATHRYN E. HENDRICKS,

    Plaintiffs,

v.                                                            CASE NO. 8:12-CV-2801-T-30TGW

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (MERS),
et al.,

    Defendants.
_____/

## ORDER

This Cause comes before the Court upon Defendants' Motion to Dismiss (Dkt. 8), Plaintiffs' Response in opposition (Dkt. 15), Defendants' Reply (Dkt. 22), and Plaintiffs' Notice of Pendency of Other Actions (Dkt. 10). Having reviewed Plaintiffs' Complaint (Dkt. 1), the instant motion, response, reply, and notice, the Court concludes the motion should be granted and chooses to abstain under the *Colorado River* abstention doctrine. Plaintiffs' Complaint is dismissed without prejudice.

## BACKGROUND

Plaintiffs are homeowners that are currently defendants in state court foreclosure proceedings filed October 6, 2011.[1] (Dkt.10, Plaintiffs' Notice). The property subject to that

---

[1] Based on Plaintiffs' Notice (Dkt. 10), the Court takes judicial notice of Pinellas County Circuit Court proceedings *Deutsche Bank National Trust Company, et al. v. Randall J. Hendricks, et al.* No. 11-009231-CI, filed in the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, Florida.

foreclosure proceeding is located at 10231 Thurston Groves Boulevard, Seminole, Florida 33778 (the "Property").  Plaintiffs allege Defendants do not have lawful ownership or a security interest in the Property as the "originating mortgage lender, and others alleged to have ownership, have sold, assigned and/or transferred their ownership and security interest in the Promissory Note and mortgage related to the Property[.]" (Dkt. 1, Plaintiffs' Complaint, 1).  Plaintiffs also allege Defendants have not "perfected any claim of title or security interest in the Property.  Defendants . . . do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired." (Dkt. 1, Plaintiffs' Complaint, 2).  Plaintiffs seek a judicial declaration of rights and interests regarding the Property and its corresponding promissory note and mortgage and also request the Court cancel the mortgage.

Plaintiffs assert four claims: (1) a quiet title claim regarding the Property (Count I); (2) a declaratory relief claim wherein Plaintiffs request a judicial determination of the rights, obligations, and interests of Plaintiffs and Defendants regarding the Property, as well as a validity determination of the mortgage held against the Property's title (Count II); (3) a wrongful foreclosure claim based on Plaintiffs' allegation that the improperly assigned mortgage cannot be used by any party to foreclose on the Property (Count III); and (4) a fraud claim based on Plaintiffs' claim that Defendants knowingly made material misrepresentations inducing Plaintiffs to make mortgage payments to parties not legally entitled to receive those payments (Count IV).

Defendants MERS and Deutsche Bank National Trust Company, as trustee for GSR Mortgage Loan Trust 2007-ARI ("Deutsche Bank"), move to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. The Court concludes that it should abstain under the *Colorado River* doctrine from exercising jurisdiction over determining whether any of Plaintiffs' counts state a claim upon which relief can be granted.

## DISCUSSION

MERS and Deutsche Bank argue, in part, that Plaintiffs' claims are barred under the *Colorado River* abstention doctrine. *See generally Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Court agrees it should abstain under that doctrine. The Court of Appeals for the Eleventh Circuit extensively analyzed the *Colorado River* abstention doctrine in *Ambrosia Coal and Const. Co. v. Pagés Morales*, 368 F.3d 1320 (11th Cir. 2004). There, the court stated the *Colorado River* doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal*, 368 F.3d at 1327. The court noted the *Colorado River* doctrine rests on "'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 1328 (quoting *Colorado River*, 424 U.S. at 817).

Although the general rule is to avoid duplicative litigation arising between federal district courts, that rule does not apply "when the duplicative litigation arises between state

3

and federal courts" except in exceptional circumstances. *Id.* (citing *Colorado River*, 424 U.S. at 817-18). The Eleventh Circuit stated, "'Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction,' . . . [and] [f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Id.* (quoting *Colorado River*, 424 U.S. at 817). The court recognized that abstention under the *Colorado River* doctrine "'is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* at 1331 (quoting *Colorado River*, 424 U.S. at 813).

The court clarified that "*Colorado River* analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues." *Id.* at 1330. It elaborated that if the abstention doctrine required identical parties in a federal and state case, "only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties." *Id.* at 1330 (citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (finding the addition of defendants in a federal case relative to a state case would not bar application of the *Colorado River* abstention doctrine as "[i]f it did, parties could avoid the doctrine of *Colorado River* by the simple expedient of naming additional parties.")).

Turning to the *Colorado River* abstention doctrine itself, the court recited six factors courts should weigh in analyzing whether abstention is proper: "(1) whether one of the courts

4

has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Id.* at 1331 (citing *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990). The court added, "'[T]he vexatious or reactive nature of either the federal or the state litigation'" should also be considered in deciding whether *Colorado River* abstention is proper. *Id.* at 1331 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)). However, the court noted "'[n]o one factor is necessarily determinative,'" *id.* at 1332 (quoting *Colorado River*, 424 U.S. at 818), and "'[t]he weight to be given to any one factor may vary greatly from case to case[.]" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16). In addition, the court stressed "the factors must be considered flexibly and pragmatically, not as a 'mechanical checklist[,]'" bearing in mind that "the abstention inquiry must be 'heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16).

The Eleventh Circuit also commented on the six *Colorado River* factors. The first factor "looks not to the location of the res, but the jurisdiction of the court." *Id.* For purposes of proceedings in rem, a court will have exercised jurisdiction over a property. *See id.* The focus of the second factor should be "primarily on the physical proximity of the federal forum to the evidence and witnesses." *Id.* (citing *Am. Bankers*, 891 F.2d at 885). The third factor concerns "avoidance of piecemeal litigation" and "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that

5

is abnormally excessive or deleterious." *Id.* at 1333. The fourth factor "'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.* (quoting *Moses H. Cone*, 460 U.S. at 21). The fifth factor considers whether state or federal law applies, but courts should also consider whether, in an action involving both federal and state claims, there are "complex questions of state law that a state court might be best suited to resolve." *Id.* at 1334 (citing *Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 382 (11th Cir. 1988) (explaining that while the application of Florida law alone in a federal diversity case did weigh in favor of *Colorado River* abstention, it did not significantly weigh as a factor for abstention where no "complex questions of state law" were at issue)). Finally, the sixth factor "will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Id.* (quoting *Noonan South*, 841 F.2d at 383).

**A.     Applicability of the *Colorado River* Abstention Doctrine**

In considering the threshold requirement for applying the *Colorado River* abstention doctrine, this Court notes the Eleventh Circuit's emphasis that the analysis for applying the doctrine must be "flexible and holistic[.]" *Id.* at 1330. This federal case and the state foreclosure proceeding involve substantially the same parties. In the state foreclosure proceeding, Plaintiffs are the defendants and Deutsche Bank is a plaintiff. Plaintiffs' addition of three additional parties here, Ally Financial, MERS, and GSR Mortgage Loan Trust 2007-ARI, as defendants here does not destroy the substantial similarity of the parties in this case and the parties in the state foreclosure proceeding. Identical parties are not

required for the *Colorado River* abstention doctrine to apply. *Id.* at 1329-30. This federal case and the state foreclosure proceeding also involve substantially the same issues. Both relate to the validity of the mortgage on the Property. Central to Plaintiffs' claims here is whether the promissory note related to the Property was properly transferred by the original lender and whether a valid mortgage still exists. Those issues are also central in foreclosure proceedings such as Plaintiffs' state foreclosure proceeding. Accordingly, this case meets the threshold requirement for application of the *Colorado River* abstention doctrine.

**B.     First Factor:  Jurisdiction Over Property**

The first factor weighs in favor of abstention as the state court has already asserted its jurisdiction over the Property as evidenced by the Notice of Lis Pendens filed in the state court proceeding on October 6, 2011. *See Black's Law Dictionary* 950 (8th ed. 2004) (defining "lis pendens" as "[t]he jurisdiction, power, or control acquired by a court over property while a legal action is pending.").

**C.     Second Factor: Inconvenience of the Federal Forum**

The second factor does not weigh in favor of abstention. The federal forum is equally convenient to the state forum because the federal forum is essentially as proximate to the evidence and witnesses as the state forum.

**D.     Third Factor:  Potential for Piecemeal Litigation**

The third factor weighs heavily in favor of abstention because the circumstances in this case will likely lead to piecemeal litigation that is abnormally excessive or deleterious. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby

duplicating efforts and possibly reaching different results." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (quoting *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). Here, piecemeal litigation will result if this federal case proceeds while the state foreclosure case continues, especially as the issues in both forums revolve around the same Florida real estate, the Property.

Other courts have made similar findings in circumstances involving a pending state foreclosure proceeding. *See Delta Dev. & Const. v. Sav. One Ass'n*, 637 F. Supp. 629, 631 (S.D. Fla. 1986) (finding interfering with "the orderly and comprehensive disposition of the state court [foreclosure] proceeding to be inutile and ill-advised" primarily as allowing "these actions to go forward in federal court [would] result in piecemeal litigation[,]" and also finding such "fragmented disposition would lead to inconsistent results" due in part to "the fact that both the federal and state actions spr[a]ng from the same transactions or occurrences[.]"); *Sergeon v. Home Loan Ctr.*, No. 3:09-CV-01113-J-32, 2010 WL 5662930, at *1 (M.D. Fla. Oct. 26, 2010) (finding *Colorado River* abstention proper in light of a pending state court foreclosure proceeding); *Beepot v. J.P. Morgan Chase Nat. Corp. Svcs.*, No. 3:10-cv-423-J-34TEM, 2011 WL 459604, at *1, *9 (M.D. Fla. Sept. 30, 2011) (citation omitted) (finding the third *Colorado River* factor weighed heavily in favor of abstention in the case of property that was the subject of a federal court action and a state court foreclosure action because if both actions were allowed to "proceed independently, there [was] a risk of inconsistent results, which would throw the ownership of the subject property in turmoil, and lead to an 'abnormally excessive or deleterious' result."); *see generally Colorado River*, 424

U.S. at 819 (endorsing "the rule requiring that jurisdiction be yielded to the court first acquiring control of property, for the concern in such instances is with avoiding . . . additional litigation through permitting inconsistent dispositions of property.").

The *Sergeon* court went on to state:

> Because this dispute primarily involves rights in Florida real estate, it is obviously deleterious, to the point of being "abnormally" so, to have two separate courts trying to determine property rights in [the same property]. As another court noted in a similar situation, "a federal court ruling that defendants should not have filed the foreclosure action . . . and a contemporaneous state court judgment allowing the foreclosure would throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts." . . . Should both actions proceed, there is a risk of opposite results, which would throw ownership of the subject [property] into turmoil. In *Colorado River,* the Supreme Court recognized the importance of "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" In short, this third factor of avoiding piecemeal litigation in two separate courts weighs heavily in favor of abstention in this case.

*Id.* (citations omitted).

**E.     Fourth Factor:  Order in Which Fora Obtained Jurisdiction**

The fourth factor also weighs in favor of abstention. As the state court docket shows, the complaint to foreclose the mortgage on the Property was filed October 6, 2011, in state court, and the state court litigation has progressed through a motion to dismiss filed there by the Plaintiffs in this case. In contrast, this federal court action, filed December 12, 2012, has only proceeded to the instant Motion to Dismiss (Dkt. 8).

### F. Fifth Factor: Applicable Law

The fifth factor is in favor of abstention. Florida law governs the Plaintiffs' claims. While Plaintiffs seek declaratory relief under a federal statute, the state court is equally capable of considering the same arguments Plaintiffs present in seeking declaratory relief. "'The main dispute is a mortgage foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law.'" *Beepot*, 2011 WL 4529604, at *9 (quoting *Preston v. Fishman*, No. 8:10-cv-2300-T-23TBM, 2011 WL 129843, at *1, *2 (M.D. Fla. Oct. 26, 2010)). In addition, "Florida state courts routinely entertain federal statutory . . . claims, and common law claims, as counterclaims or affirmative defenses in state foreclosure actions." *Id.* (citations omitted).

### G. Sixth Factor: Adequacy of the State Court to Protect the Parties' Rights

The sixth factor is neutral with regard to abstention as neither the federal or state forum appear inadequate to protect the parties' rights, nor have any of the parties argued the state forum is inadequate.

### H. Whether Litigation is Vexatious or Reactive

In considering whether this litigation is vexatious or reactive in nature, the Court finds Plaintiffs' filing of this federal case well after the start of state foreclosure proceedings puzzling. It appears Plaintiffs' filing of this case in federal court is indeed vexatious and reactive in nature, especially as it seems Plaintiffs should be raising the arguments they make

in this case as defenses or counterclaims in the state foreclosure proceeding.[2] Proof of this lies in what Plaintiffs are seeking through this litigation. Plaintiffs ask the Court to declare the "original Mortgage [ ] null and void." (Dkt. 1, Plaintiffs' Complaint, 21). Plaintiffs also seek a declaration that "[n]o Defendant has an enforceable secured or unsecured claim against" the Property. (Dkt. 1, Plaintiffs' Complaint, 21). Moreover, Plaintiffs seek the Court to direct the "current Trustee of the Mortgage in this case . . . [to] reconvey title to the [ ] Property to Plaintiffs." (Dkt. 1, Plaintiffs' Complaint, 21). It seems evident Plaintiffs seek to use the instant litigation to thwart the state foreclosure proceeding.

## CONCLUSION

In balancing the above factors, and despite the heavy bias the Court must exercise in favor of not abstaining, the Court finds the *Colorado River* factors taken altogether weigh strongly in favor of abstention. Accordingly, the Court abstains under the *Colorado River* doctrine of abstention. It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 8) is GRANTED.
2. Plaintiffs' Complaint (Dkt. 1) is dismissed without prejudice.

---

[2] The Court need not address whether Plaintiffs' claims are compulsory counterclaims because under the *Colorado River* doctrine the Court is abstaining.

11

3. The CLERK is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2012\12-cv-2801 mtd 8.wpd